IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEKSANDRA REZNICHENKO,

       Plaintiff,             No. CIV S-2:04-CV-0798-PAN

   vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.        ORDER
_____/

       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  Pursuant to the consent of the parties this case is before the undersigned for conduct of all proceedings including the entry of judgment.  28 U.S.C. § 636(c).  The matter has been submitted on cross motions for summary judgment.  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated September 26, 2003, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on February 20, 2004.  The ALJ found plaintiff has severe impairments of degenerative disc disease, scoliosis, and calcific tronchanteric bursitis or tendonitis, but that these impairments do not meet or medically equal a listed impairment; plaintiff has the residual functional capacity to lift and carry 25 pounds frequently and 50 pounds occasionally, and to stand, walk, and sit approximately six hours total in an eight hour day; plaintiff's past relevant work did not require the performance of work-related activities precluded

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

1   by her residual functional capacity; plaintiff's medically determinable severe impairments did not

2   prevent her from performing her past relevant work; and plaintiff is not disabled.  Administrative

3   Transcript ("AT") 33.  Plaintiff contends that the ALJ erred as a matter of law by rejecting the

4   medical opinion of plaintiff's treating physician in favor of the contrary medical opinions of

5   examining and non-examining physicians; and by failing to properly credit plaintiff's subjective

6   complaints of severe chronic pain.

7   II.  Standard of Review

8           The court reviews the Commissioner's decision to determine whether (1) it is

9   based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

10  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

11  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

12  Substantial evidence means more than a mere scintilla of evidence, but less than a

13  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

14  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

15  reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

16  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

17  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

18  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

19  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

20  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

21  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

22  substantial evidence supports the administrative findings, or if there is conflicting evidence

23  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

24  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

25  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

26  1335, 1338 (9th Cir. 1988).

III.  Analysis

    a.  The ALJ's Weighting of Contrary Medical Evidence was not in Error.

        In his opinion, the ALJ gave significant weight to the opinion of examining physician, Dr. Marcel Wiggers.  AT 32.  Dr. Wiggers noted that plaintiff had no restrictions that affected her ability to sit, stand, walk, or bend, nor was she restricted in her ability to lift or carry.  AT 186.  Furthermore, Dr. Wiggers opined that there was no objective evidence to support plaintiff's claims of neck pain, headaches, and left hip pain.  Id.

        In addition, the ALJ afforded significant weight to the medical opinions offered by the non-examining physician at the State Disability Determination Service (DDS).  AT 32.  In the opinion of DDS, plaintiff had partially credible symptoms attributable to a medically determinable impairment.  AT 204.  However, the impairment only limited plaintiff to occasional lifting or carrying of up to 20 pounds, and frequent lifting or carrying of up to 10 pounds.  AT 200.  According to DDS, plaintiff was capable of standing, walking, and sitting for six hours in an eight hour workday.  Id.

        As a result of his reliance on these medical opinions, the ALJ found plaintiff retained the residual functional capacity to lift and carry 25 pounds frequently, and 50 pounds occasionally; stand, walk, or sit approximately six hours in an eight hour day; and push or pull without limitations.  AT 32.  Consequently, the ALJ determined that plaintiff retained her ability to perform any of her past relevant work.  Id.

        Plaintiff testified that her past relevant work included duties as a janitor and night guard.  AT 46.  According to plaintiff, her duties as a janitor required her to walk five hours per shift and stand three hours.  AT 107.  In addition, she was occasionally required to lift up to 50 pounds, and frequently required to lift 25 pounds.  Id.  As the duties required in this past relevant work fell within the limitations established in plaintiff's residual functional capacity, the ALJ determined that the plaintiff was not disabled.  AT 32, see also 20 C.F.R. 416.920(a)(4)(iv)

/////

1    The ALJ "afforded very little weight" to the medical opinion of Dr. Hung G.

2  Hoang, a treating physician with the Zinfandel Group, finding that the opinion was unsupported

3  by Dr. Hoang's own notes and the record of the Zinfandel Group as a whole.  AT 31.  Dr. Hoang

4  determined that plaintiff was limited to no more than two hours of walking, standing, or sitting at

5  one time, and no more than four hours in an eight hour day.  AT 233.  Furthermore, Dr. Hoang

6  opined that plaintiff could not lift and carry anything greater than 10 pounds.  AT 234

7    The weight given to medical opinions depends in part on whether they are

8  proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821,

9  830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional,

10  who has a greater opportunity to know and observe the patient as an individual. Id.;  Smolen v.

11  Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

12    To evaluate whether an ALJ properly rejected a medical opinion, in addition to

13  considering its source, the court considers whether (1) contradictory opinions are in the record;

14  and (2) clinical findings support the opinions.  An ALJ may reject an  uncontradicted opinion of

15  a treating or examining medical professional only for "clear and convincing" reasons.  Lester , 81

16  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

17  rejected for "specific and legitimate" reasons.  Lester, 81 F.3d at 830.  While a treating

18  professional's opinion generally is accorded superior weight, if it is contradicted by a supported

19  examining professional's opinion (supported by different independent clinical findings), the ALJ

20  may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing

21  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give

22  weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172

23  F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion

24  rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional,

25  without other evidence, is insufficient to reject the opinion of a treating or examining

26  professional.  Lester, 81 F.3d at 831.

1    In this case, the ALJ's findings discounting the opinion of the examining physican

2 were supported by multiple contradictory opinions in the record as well as the clinical findings.

3 As noted above, the record contains opinions contradictory to Dr. Hoang's, both of which were

4 specifically cited by the ALJ in his findings and utilized as a basis for discounting the treating

5 physician's opinion.  AT 32.  In addition to these contrary medical opinions, the clinical evidence

6 in the record; including the medical history, the physical activities of plaintiff, and her failure to

7 follow the recommendations of her doctors, including her failure to participate in prescribed

8 physical therapy to alleviate her symptoms, supported the ALJ's decision to disregard the opinion

9 of the treating physician.

10    As noted in his findings, the ALJ afforded the opinion of the treating physician

11 little weight because of the ALJ's determination that the medical opinion was contradictory to

12 the evidence contained in the treating physician's own records.  AT 31.  The ALJ determined that

13 the treating physician's failure to conduct any sort of physical examination of plaintiff's

14 complaints called into question his conclusions.  Id.  This perfunctory examination, without any

15 tests of plaintiff's range of motion, movement, and strength, was a legitimate basis upon which to

16 disregard the findings of a treating physician.

17    Furthermore, the ALJ found that much of Dr. Hoang's opinion appears based

18 upon the subjective complaints of plaintiff.  Id.  As noted below, those complaints were properly

19 considered by the ALJ and discredited.  For the ALJ to discount Dr. Hoang's opinion because it

20 was based upon contrary medical evidence as well as subjective complaints that the ALJ

21 ultimately discredited is not error.

22    While Dr. Hoang conducted his examination nearly five months after Dr.

23 Wiggers, there was little new objective medical evidence to support the contrary opinion of the

24 treating physician.  The only substantial piece of objective medical evidence not cited by Dr.

25 Wiggers in his report was an X-ray taken on May 12, 2002 that revealed bursitis or tendinitis in

26 the left leg.  AT 187.  An X-ray taken sometime in September, 2002, revealed degenerative

1   arthritis.  AT 29.  Dr. Hoang cited non-specific X-rays in his findings as one basis for his

2   opinion.  However, neither the findings on these X-rays, nor any of the symptoms complained

3   about by plaintiff during visits to the doctor subsequent to her examination by Dr. Wiggers,

4   presented any new objective evidence that undermined the opinions formed by Dr. Wiggers and

5   the DDS physicians.

6          The medical evidence of the treating physician in this case is contradicted by the

7   opinion of examining and non-examining physicians.  In discounting the opinion of the treating

8   physician, the ALJ cited the cursory nature of the treating physician's examination, the

9   contradictory medical evidence in the record, and plaintiff's unreliable complaints.  These

10  specific and legitimate reasons, supported by substantial evidence in the record, are a proper

11  basis upon which the ALJ may base his findings.

12          b.  The ALJ Properly Evaluated Plaintiff's Credibility and Subjective Complaints of

13  Chronic Pain.

14          The ALJ determines whether a disability applicant is credible, and the court defers

15  to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g.,

16  Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make

17  an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad

18  v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

19  supported by "a specific, cogent reason for the disbelief").

20          In evaluating whether subjective complaints are credible, the ALJ should first

21  consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

22  F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

23  the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

24  medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

25  (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

26  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

1  prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

2  1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

3  55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

4  and effect of symptoms, and inconsistencies between testimony and conduct also may be

5  relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

6  to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

7  the ALJ in determining whether the alleged associated pain is not a significant nonexertional

8  impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).   The ALJ

9  may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453,

10  1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900

11  F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is

12  malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear

13  and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.

14  1999).

15          The factors considered by the ALJ to assess the credibility of plaintiff were valid

16  and supported by the record.  Medical evidence indicated some disability associated with back

17  pain, scoliosis, and bursitis or tendinitis.  However, as noted above, the medical evidence was not

18  unanimous in its conclusions regarding the implications of these conditions and their severity.

19  Furthermore, the medical evidence was devoid of any clinical findings of memory deficit,

20  insomnia, or hearing loss.  The existence and severity of many of these ailments were based

21  solely upon the subjective complaints of plaintiff.

22          In determining the nature of plaintiff's injuries, the ALJ properly considered and

23  weighed her credibility; finding that plaintiff was not credible in her description of the

24  debilitating pain she suffered.  AT 31.  The ALJ noted in his decision the inconsistency between

25  the daily activities of plaintiff and her subjective condition.  Id.  Furthermore, the ALJ

26  specifically cited the inconsistency in the plaintiff's stated reasons for leaving the workforce.  Id.

8

In addition, he discredited her complaints based upon her failure to follow the medical advice of her doctors or to complete a prescribed routine of physical therapy, courses of treatment designed to alleviate the pain about which plaintiff complained.  Id.

Plaintiff complained of various ailments affecting her ability to function and work.  While some of her complaints were supported by medical evidence in the record, the ALJ noted multiple inconsistencies between the complained of conditions and plaintiff's actions that called into doubt their severity.  These factors are permissible grounds upon which the ALJ's may base his credibility determination and will not be disturbed by this court.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment or remand is denied, and

2.  The Commissioner's cross-motion for summary judgment is granted.

DATED: April 26, 2006.

UNITED STATES MAGISTRATE JUDGE

reznichenko0798.ss

9